2011 WY 124

**Brandon A. PURCELLA and Millicent Julynn Jones, Trustees of the Purcella Marital Trust, Appellants (Plaintiffs),**

v.

**Cynthia R. PURCELLA, individually and as Trustee of the Purcella Marital Trust, Appellee (Defendant).**

No. S–10–0266.

Supreme Court of Wyoming.

Aug. 26, 2011.

Representing Appellants: Timothy S. Tarver, Sheridan, Wyoming.

Representing Appellee: H.W. Rasmussen, Sheridan, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Burt A. Purcella established a trust into which he transferred his assets, including his fifty percent ownership in a self storage business. He acted as trustee but named his wife, Cynthia Purcella (Wife), and his adult children from a prior marriage, Brandon Purcella and Millicent Julynn Jones (Children), as successor trustees. Upon Mr. Purcella's death, the successor trustees were to divide the remaining trust assets between two separate trusts, the Purcella Family Trust (Family Trust) and the Purcella Marital Trust (Marital Trust). Wife is the income beneficiary of the Marital Trust. Children are the beneficiaries of the Family Trust and remainder beneficiaries of the Marital Trust.

[¶ 2] After Mr. Purcella's death, differences arose between Wife and Children. They entered into an agreement to resolve those differences. Problems continued and Children filed an action against Wife, claiming she breached her fiduciary obligations as trustee by depositing funds the Marital Trust received from the business into her personal account.

[¶ 3] Both parties moved for summary judgment and, after a hearing, the district court entered summary judgment enjoining Wife from depositing funds from the business into her personal account, holding her responsible for any tax consequences or expenses resulting from the deposit and finding the parties had agreed that 87.05% of "all income" received from the business would be

allocated to the Marital Trust and distributed to Wife.

[¶ 4]   Children appeal, claiming the intent of the initial trust and their subsequent agreement was that only "net income," rather than "all income," received from the business would be distributed to Wife from the Marital Trust.   We reverse the district court's holding that Wife is entitled to "all income" the Marital Trust receives from the business.   We hold that Wife is entitled to payment of income the Marital Trust receives from the business less any expenses incurred in administering the Marital Trust.

## ISSUE

[¶ 5]   The issue for our determination is whether the district court correctly held that Wife was entitled to distribution of "all income" the Marital Trust received from the business.

## FACTS

[¶ 6]   In 2005, Burt A. Purcella established the Purcella Family Trust.   He acted as trustee and transferred substantial assets to the trust, including one-half of the stock in a self storage business, Stor–A–Way, Inc, which he owned with another individual.   Mr. Purcella provided in the trust that upon his death certain personal property was to be distributed according to written instructions and his remaining assets were to be divided between two separate trusts, the Family Trust and the Marital Trust.   Mr. Purcella named Children as beneficiaries of the Family Trust.   He named Wife as income beneficiary of the Marital Trust and Children as remainder beneficiaries.   Part III, Section IV, paragraph B of the original trust provided:

1.   (a) If Settlor's wife survives Settlor … the Trustee shall, as of the date of Settlor's death, allocate to [the Marital Trust] … an amount equal to the maximum marital deduction allowable to Settlor's estate as finally determined for federal estate tax purposes, less the value so determined of all other property interests passing to Settlor's surviving wife which are in-

cludible in Settlor's gross estate for federal estate tax purposes and which qualify for such marital deduction; and less such further amount, if any, required to increase Settlor's taxable estate to the largest amount that will result in no federal estate tax payable to Settlor's estate, after taking into account all allowable credits and all property passing in a manner resulting in a reduction of the federal estate tax unified credit available to Settlor's estate.   In satisfaction of the above bequest to Settlor's wife there shall be first distributed the personal property of Settlor's estate and such real estate, including partnership interests in real property [other than farms].   The remaining amount, if any, of this devise shall be satisfied by the distribution of real property, including tracts of real estate or fractional interests in real estate, or partnership interests in real property, not otherwise passing to Settlor's wife as shall be selected in the sole discretion of Settlor's personal representative.

. . . .

(c) The Trustee shall allocate the balance of the trust property … to [the Family Trust].

2.   (a) After dividing the trust estate as hereinabove provided, the *Trustee shall pay to* Settlor's *wife*, in at least quarterly or other convenient installments, *all of the net income from the [Marital Trust] during her lifetime.* If at any time, Settlor's spouse should for any reason be in need of funds for her health, maintenance and support, the Trustee may pay to her or apply for her benefit, in addition to the payments hereinabove provided for her, such amounts from the principal of the [Marital Trust], up to the whole thereof, as the Trustee may from time to time deem necessary for her health, maintenance, support and benefit. Upon the death of Settlor's wife after Settlor's death, the [T]rustee shall distribute any accrued or undistributed income of the [Marital Trust] to the estate of Settlor's wife and shall add

the principal of the [Marital Trust], as then constituted, to the [Family Trust] to be held and distributed as if it had been an original part of the [Family Trust]; except that the [T]rustee shall pay directly or to the executor or administrator of Settlor's wife's estate the amount by which estate and inheritance taxes payable by reason of her death shall be increased on account of the inclusion of the [Marital Trust] in her estate for tax purposes.

(Emphasis added.)

[¶ 7] Mr. Purcella died in 2006, almost exactly a year after he established the trust. His will contained written instructions for disposition of his tangible personal property and provided that all remaining property was to be distributed to and disposed of in accordance with the trust. Pursuant to the will and trust, Wife and Children were authorized either to sell or maintain his interest in Stor–A–Way.

[¶ 8] Following Mr. Purcella's death, differences arose between Wife and Children, including differences over how income from Stor–A–Way should be handled. In an effort to resolve their differences, they entered into a Trust Funding Agreement.[1] The agreement stated in relevant part:

### Recitals of Fact

14. One of the assets owned by the Trust is a one-half interest in a corporation named Stor–A–Way, Inc. which owns storage units in Buffalo, Wyoming. Stor–A–Way is under contract for sale and the parties believe that it may be sold in the near future. The parties have agreed that the Marital Trust will be funded with 87.05% of the stock owned by the Trust in Stor–A–Way. . . .

. . . .

### Agreement

**V. Management of Purcella Marital Trust:** Trustees shall manage the assets which are allocated to the Purcella Marital Trust as follows:

. . . .

B. *Contingency Plan if Stor–A–Way Does Not Sell:* Until the Marital Trust and the Family Trust are able to sell the Stor–A–Way property, *all income received from that company,* whether as compensation for the use of a vehicle, compensation for work performed, dividends, or any other form of compensation *shall be allocated 87.05% to the Marital Trust and 12.95% to the Family Trust. The portion of the income which is allocated to the Marital Trust shall be distributed to [Wife] for as long as she is alive.* Such distributions shall begin no later than September 30, 2007. Upon her death, any income which had been earned to the date of her death but which has not been distributed to her shall be distributed to her estate.

(Emphasis added.) The parties signed the agreement on December 31, 2007.

[¶ 9] At the end of 2008, Stor–A–Way issued a check to Wife made payable to the Marital Trust in the amount of $39,607.75. Wife deposited the check into her personal checking account. Children filed a complaint against her claiming she breached her fiduciary duty as trustee of the Marital Trust by depositing the check from the company into her personal account rather than into the Marital Trust. They claimed that in doing so she took the gross receipts intended for the Marital Trust when under the terms of the original trust she was entitled only to the net income of the Marital Trust. They further claimed certain deductions should have been made before Wife received income from the trust and she had usurped their authority to participate in decisions concerning the timing and amount of distributions from the Marital Trust. They sought an injunction requiring Wife to return the money she had deposited into her personal account and prohibiting her

---

1. Wyo. Stat. Ann. § 4–10–111 (LexisNexis 2011) authorizes "interested persons," the definition of which includes trustees and "noncharitable beneficiaries eligible to receive current distributions from the trust," to "enter into a binding nonjudicial settlement agreement with respect to any matter involving a trust" as long as the agreement "does not violate a material purpose of the trust and includes terms and conditions that could be properly approved by the court under [the Uniform Trust Code, Wyo. Stat. Ann. §§ 4–10–101 through 4–10–1103]."

from depositing any further funds belonging to the Marital Trust into her personal account.

[¶ 10] After a hearing, the district court issued a decision letter in which it enjoined Wife from directly receiving income from Stor-A-Way, held that Wife was responsible for any tax consequences or expenses resulting from direct deposits of Marital Trust money into her personal account and concluded "all the income, not adjusted to net income, from Stor-A-Way (87.05%) should be received by the Marital Trust and distributed to [Wife] on at least quarterly or other convenient intervals." The district court entered an order consistent with its decision letter. Children timely appealed.

## STANDARD OF REVIEW

[¶ 11] Summary judgments are governed by W.R.C.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We review a summary judgment *de novo,* using the same materials and following the same standards as the district court. *Cash v. Granite Springs Retreat Ass'n, Inc.,* 2011 WY 25, ¶ 12, 248 P.3d 614, 618 (Wyo.2011). We examine the record from the vantage point most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences which may fairly be drawn from the record. *Id.*

## DISCUSSION

[¶ 12] Children contend the district court erred in ordering that "all income" rather than "net income" received by the Marital Trust from Stor-A-Way be distributed to Wife. They assert the order is inconsistent with the terms of the original trust and their intent as expressed in the Trust Funding Agreement. They submit the intent of the Trust Funding Agreement was to clarify, not to change the trust requirement that net

income from the trusts be distributed to the respective beneficiary. They contend Wife is entitled only to net income because the Marital Trust may have to pay Stor-a-Way expenses and those expenses should be accounted for before Wife receives income from the Marital Trust. They also contend any expenses associated with administering the Marital Trust should be deducted before trust income is distributed to Wife. Wife responds that the district court correctly ordered that all income received by the Marital Trust from Stor-A-Way be distributed to her.

[¶ 13] In ruling that Wife is entitled to "all income" received by the Marital Trust from Stor-A-Way, the district court focused on Children's claim that the trusts were potentially responsible for certain expenses incurred by the business, such as depreciation and security deposit refunds. In rejecting the claim, the district court stated: "Stor-A-Way is a separate corporate entity and retained security deposits or retained earnings for capital improvements is the responsibility of the management of the corporation not the Marital Trust." We agree. Stor-A-Way's potential business expenses are not attributable to the marital estate and the trustees are not entitled to deduct them from Marital Trust income.

[¶ 14] In ruling that Wife is entitled to "all income" the Marital Trust receives from Stor-A-Way, the district court did not address Children's claim that any costs of administering the Marital Trust should be deducted from trust income before disbursements are made to Wife. The meaning of a trust instrument is determined by the same rules that govern the interpretation of contracts. In interpreting a contract, our primary purpose is to determine the true intent and understanding of the parties at the time and place the contract was made. *Wells Fargo Bank Wyoming, N.A. v. Hodder,* 2006 WY 128, ¶ 21, 144 P.3d 401, 409 (Wyo.2006). We construe the contract as a whole, attempting to avoid a construction which renders a provision meaningless. *Id.* We strive to reconcile by reasonable interpretation any provisions which apparently conflict before adopting a construction which

would nullify any provision. *Id.* These same principles apply in construing the Trust Funding Agreement in this case.

[¶ 15] The term "net income" is used repeatedly in the original trust. Among his other duties, Mr. Purcella as the original trustee was required to distribute the trust's "net income" as provided in the trust. Unless otherwise directed, he was to pay the "net income" of the trust to himself at least annually during his lifetime. Any "net income" not distributed to him was to be added to the principal. Upon Mr. Purcella's death the trust was to be divided, Wife was to receive the "net income" from the Marital Trust in installments during her lifetime and Children were to receive the "net income" from the Family Trust during their lifetimes. These provisions reflect that the intent of the original trust was for "net income" from the respective trusts to be paid to the respective beneficiary or beneficiaries during their lifetimes.

[¶ 16] In drafting the Trust Funding Agreement, the parties sought in part to clarify how the Stor–A–Way stock and income would be handled. They agreed to allocate 87.05% of the stock to the Marital Trust and the remaining 12.95% to the Family Trust. If Stor–A–Way was sold, they agreed the Marital Trust would receive 87.05% of the net proceeds of the sale and the Family Trust would receive the remaining 12.95% of the net proceeds. The net proceeds allocated to the Marital Trust, however, were not to be distributed to Wife but were to be used to buy an annuity and create an interest bearing bank account from which Wife was to receive regular payments. If the payments to Wife equaled the amounts earned by the annuity and the bank account, they were to be treated as Marital Trust income; if the payments were greater than the amounts earned, they were to be treated as distributions of principal. In the event Stor–A–Way did not sell, the parties agreed to allocate 87.05% of all income received from the business to the Marital Trust and 12.95% of all such income to the Family Trust. They further agreed that "[t]he portion of the income which is allocated to the Marital Trust shall be distributed to [Wife] for as long as she is alive" and, "[u]pon her death, any income which has been earned to the date of her death but which has not been distributed to her shall be distributed to her estate as soon as it is received."

[¶ 17] Construing the Trust Funding Agreement in the context of the original trust, we conclude the agreement was intended to allow disbursements of net income from the Marital Trust to Wife. One of the purposes of the Trust Funding Agreement was to clarify that Wife, rather than Children, was entitled to the income the Marital Trust received from Stor–A–Way. It does not follow that the parties intended to distribute all income the Marital Trust received from Stor–A–Way to Wife, particularly when viewed in light of the language of the original trust. Mr. Purcella clearly intended that disbursements of "net income" from all trust assets, including Stor–A–Way, were to be made to the respective beneficiaries from the two trusts. Absent clear language in the Trust Funding Agreement expressing the intent to change the disbursements from the Marital Trust to allow Wife to receive all income, without accounting for any administrative expenses, we conclude she is entitled to net income.

[¶ 18] Arguing otherwise, Wife contends the original trust expressly prohibited the trustees from using the Marital Trust to pay taxes and other administration expenses. She points to the following provision:

> *SECTION III: PAYMENT OF TAXES, EXPENSES AND CLAIMS AT SETTLOR'S DEATH*
>
> . . . .
>
> B. *No Taxes or Expenses Paid from Marital . . . Portion.* Trustees shall not apportion to or deduct from any assets that pass to or for the benefit of Settlor's wife and which qualify for the federal estate tax marital deduction, . . . [any] estate, inheritance or other death taxes payable as a result of Settlor's death or any expenses of administering Settlor's estate . . . as long as other assets in the residual trust estate are available for the payment of such estate, inheritance or other death taxes and such expenses of administering Settlor's estate.

[¶ 19]   Section III.B. pertained to the payment of taxes and expenses at the time of Mr. Purcella's death.   It does not apply to the subsequent trust administration.   The repeated use of the term "net income" with regard to distributions to the trust beneficiaries clearly indicates that typical trust expenses would be deducted prior to distribution.

[¶ 20]   We affirm the district court's ruling that Stor–A–Way's potential business expenses are not attributable to the Marital Trust and have no bearing on distributions Wife is entitled to from the Marital Trust. We further hold that Wife is entitled to payment of the income received from Stor–A–Way less any trust administration expenses.